# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHERI LYNNE COOPER,

     Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; BANK OF AMERICA, N.A.;
BARCLAYS BANK DELAWARE;
CAPITAL ONE, N.A.; CITIBANK,
N.A.; GOLDMAN SACHS BANK
USA; JPMORGAN CHASE BANK,
N.A.; and TD BANK USA, N.A.,

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHERI LYNNE COOPER (hereinafter "Plaintiff"),

by and through her undersigned counsel, for her cause of action against Defendants,

EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION

LLC (hereinafter "Trans Union"); BANK OF AMERICA, N.A. (hereinafter

"BOA"); BARCLAYS BANK DELAWARE (hereinafter "Barclays"); CAPITAL

ONE, N.A. (hereinafter "Capital One"); CITIBANK, N.A. (hereinafter "Citibank");

GOLDMAN SACHS BANK USA (hereinafter "GS Bank"); JPMORGAN CHASE

BANK, N.A. (hereinafter "Chase"); and TD BANK USA, N.A. (hereinafter "TD Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the

consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, *Supervisory Highlights Consumer Reporting Special Edition* 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Cleveland County in the State of Oklahoma. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     BOA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

20.     BOA is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     BOA furnished Plaintiff's information to the CRAs which was inaccurate.

22.     Barclays is an FDIC insured state-chartered bank headquartered at 125 S. West Street in Wilmington, Delaware 19801 that upon information and belief conducts business in the State of Georgia.

23.     Barclays is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.    Barclays furnished Plaintiff's information to the CRAs which was inaccurate.

25.    Capital One is an FDIC insured national bank headquartered at 1680 Capital One Drive in McLean, Virginia 22102 that upon information and belief conducts business in the State of Georgia.

26.    Capital One is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

27.    Capital One furnished Plaintiff's information to the CRAs which was inaccurate.

28.    Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street in New York City, New York 10013 that upon information and belief conducts business in the State of Georgia.

29.    Citibank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

30.    Citibank furnished Plaintiff's information to the CRAs which was inaccurate.

31.    GS Bank is an FDIC insured state-chartered bank headquartered at 200 West Street in New York City, New York 10282 that upon information and belief conducts business in the State of Georgia.

32.    GS Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

33.    GS Bank furnished information about Plaintiff to the CRAs that was inaccurate.

34.    Chase is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

35.    Chase is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

36.    Chase furnished information about Plaintiff to the CRAs that was inaccurate.

37.    TD Bank is an FDIC insured national bank headquartered at 2035 Limestone Road in Wilmington, Delaware 19808 that upon information and belief conducts business in the State of Georgia.

38.    TD Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

39.    TD Bank furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

40.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

41.     In or about October 2020, Plaintiff was hospitalized due to complications associated with Covid-19.

42.     When Plaintiff returned home after her discharge from the hospital, she discovered that her home was robbed, and personal documents, including but not limited to tax records and credit card and loan statements, were stolen.

43.     Immediately, Plaintiff contacted the police and filed a police report regarding the theft.

44.     Shortly thereafter, Plaintiff became aware of unauthorized charges and began contacting her credit card companies regarding the fraudulent activity and to cancel her credit cards.

45.     Further, Plaintiff observed fraudulent balances appearing in her credit reports. Plaintiff made several attempts to dispute the inaccurate reporting without much success.

46.     On or about October 2, 2022, Plaintiff filed an Identify Theft Victim's Complaint and Affidavit regarding the fraudulent activity.

8

47.     On or about October 19, 2022, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 221019-9601335.

48.     In the CFPB report, Plaintiff detailed the fact that accounts were reported to her credit reports with erroneous and fraudulent balances and/or which did not belong to her. She requested an investigation into the inaccurate reporting.

49.     Under 15 U.S.C. § 1681e(3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

50.     Upon information and belief, the CRAs failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the fraudulent balances on her credit report.

51.     During her attempts to correct the erroneous credit reporting, Plaintiff contacted Equifax and Experian to dispute the following accounts which were reporting balances which were fraudulent and/or did not belong to her.

| **Furnisher** | **Account No.** | **CRA** |
|---|---|---|
| Barclays | x5972 | Equifax, Experian |
| BOA | x0220 | Experian |
| BOA | x8281 | Experian |
| Capital One | x2101 | Equifax, Experian |
| Citibank | x2806 | Equifax, Experian |
| Citibank | x0303 | Equifax |
| Chase | x5139 | Equifax, Experian |

9

52.     Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit reports, Plaintiff observed the aforementioned accounts continued to be reported to her credit file each with multiple comments that indicated the accounts were previously disputed and verified.

53.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

54.     Equifax never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Equifax notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

56.     Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

57.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

58.     Upon information and belief, Equifax notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

59.     Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit reports, Plaintiff observed the aforementioned accounts continued to be reported to her credit file each with multiple comments that indicated the accounts were previously disputed and verified.

60.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

61.     Experian never attempted to contact Plaintiff during the alleged investigation.

62.     Upon information and belief, Experian notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

63.     Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

64.    Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

65.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

66.    Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

67.    On or about February 22, 2024, Plaintiff obtained a copy of her Equifax and Tran Union credit reports. Plaintiff attempted to obtain a copy of her Experian credit report but received an error message that the credit report was unavailable. Upon review, Plaintiff observed personal identifying information including but not limited to names and address that were incorrect and did not belong to him. Additionally, Plaintiff observed the following accounts were reporting erroneous and fraudulent balances.

| **Furnisher** | **Account** | **CRA** | **Status** |
|---|---|---|---|
| Barclays | x5972 | Equifax, Trans Union | Not more than four payments past due, Balance $2,734 |
| BOA | x8281 | Equifax, Trans Union | Charge Off, Balance $6,795 |
| Capital One | x2101 | Equifax | Not more than four payments past due, Balance $6,730 |
| Capital One | x6812 | Equifax, Trans Union | Not more than three payments past due, Balance $3,389 |
| Chase | x5139 | Equifax | Charge Off, Balance $6,963 |
| Chase | x7347 | Equifax, Trans Union | Over 120 days past due, Balance $2,083 |
| TD Bank | x2435 | Equifax, Trans Union | Balance, $8,290 |

68.    Further, upon review of the aforementioned credit reports, Plaintiff observed the following accounts which did not belong to her.

| **Furnisher** | **Account** | **CRA** | **Status** |
|---|---|---|---|
| Citibank | x2806 | Equifax, Trans Union | Opened 7/9/21, Not more than three payments past due, Balance $4,118 |
| Citibank | x0303 | Equifax, Trans Union | Opened 8/23/21, Balance $2,220 |
| GS Bank | x0083 | Equifax, Trans Union | Opened 1/31/21, Balance $2,021 |

69.    Due to the inaccurate reporting, on or about March 26, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft, and that personal identifying information was appearing in her credit file which did not belong to her. Further, Plaintiff advised the aforementioned accounts were reported with fraudulent balances and/or did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting and other supporting documents.

13

70.     Plaintiff mailed her detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0508 1992 03), Experian (9589 0710 5270 0508 1991 80), and Trans Union (9589 0710 5270 0508 1991 97).

71.     Despite confirmation of delivery on March 30, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax. However, upon review of her updated Equifax credit report, on or about May 1, 2024, Plaintiff observed incorrect personal identifying information continued to appear in her credit file. Further, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status/Comments** |
|---|---|---|
| Barclays | x5972 | Updated to increased fraudulent balance of $3,070; "03/2024 Consumer disputes this account information" |
| BOA | x8281 | Continue to report with status of Charge Off, Balance $6,795 |
| BOA | x0220 | Second account added with status of Charge Off, Balance $5,616 |
| Capital One | x2101 | Updated to increased fraudulent balance of $7,085; "03/2024 account previously in dispute – now results by data furnisher" |
| Capital One | x6812 | Updated to increased fraudulent balance of $3,603 |
| Chase | x5139 | Updated to fraudulent balance of $6,381 |
| Chase | x7347 | Continue, report with updated status of Charge Off, Balance $2,083 |
| Citibank | x2806 | Continue to report with increased balance $4,414; "03/2024 Consumer disputes after resolution" |
| Citibank | x0303 | Continue report with increased balance $2,890; "03/2024 Consumer disputes after resolution" |
| GS Bank | x0083 | Continue to report with increased balance $2,369 |
| TD Bank | x2435 | Continue to report with increase fraudulent balance $9,178 |

72.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

73.     Equifax never attempted to contact Plaintiff during the alleged investigation.

74.     Upon information and belief, Equifax notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

75.     Upon information and belief, Equifax notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

76.     Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

77.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

78.     Upon information and belief, Equifax notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

79.     Upon information and belief, Equifax notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

80.     Upon information and belief, Equifax notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

81.     Despite confirmation of delivery on March 28, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian. However, upon review of her updated Experian credit report, on or about May 1, 2024, Plaintiff observed incorrect personal identifying information continued to appear in her credit file. Further, Plaintiff observed the following as to the disputed accounts.

| Furnisher | Account | Status/Comments |
| --- | --- | --- |
| Barclays | x5972 | Continue to report with status of closed, past due, fraudulent balance of $3,070 |

16

| Furnisher | Account | Status/Comments |
|-----------|---------|-----------------|
| BOA | x8281 | Continue to report with status of Charge Off, Balance $6,795 |
| BOA | x0220 | Reported with status of Charge Off, Balance $5,616; "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)." |
| Capital One | x2101 | Not reported |
| Capital One | x6812 | Continue to report with status of past due and fraudulent balance of $3,603 |
| Chase | x5139 | Not reported |
| Chase | x7347 | Continue, report with status of Charge Off, past due, Balance $2,083; "This item was updated from our processing of your dispute" |
| Citibank | x2806 | Continue to report with status of closed, past due, balance $4,414; "dispute resolved – consumer disagrees" |
| Citibank | x0303 | Continue to report with increased balance $2,890 |
| GS Bank | x0083 | Continue to report with increased balance $2,369 |
| TD Bank | x2435 | Continue to report with status of closed, past due, and fraudulent balance $9,178 |

82.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

83.    Experian never attempted to contact Plaintiff during the alleged investigation.

84.    Upon information and belief, Experian notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

85.    Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely

17

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

86.    Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

87.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

88.    Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

89.    Upon information and belief, Experian notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

90.    Upon information and belief, Experian notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

91.     Despite confirmation of delivery on April 2, 2024, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union. However, upon review of her updated Trans Union credit report, on or about May 1, 2024, Plaintiff observed incorrect personal identifying information continued to appear in her credit file. Further, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status/Comments** |
|---------------|-------------|---------------------|
| Barclays | x5972 | Continue to report with status of past due, increased fraudulent balance of $3,070 |
| BOA | x8281 | Continue to report fraudulent balance $6,795 |
| Capital One | x6812 | Continue to report increased fraudulent balance $3,603 |
| Chase | x7347 | Continue to report fraudulent balance $2,083 |
| Citibank | x2806 | Continue to report fraudulent account with increased balance $4,414 |
| Citibank | x0303 | Continue to report fraudulent account with increased balance $2,890 |
| GS Bank | x0083 | Continue to report fraudulent account with increased balance $2,369 |
| TD Bank | x2435 | Continue to report with status of past due, increased fraudulent balance $9,178 |

92.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

93.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

94.     Upon information and belief, Trans Union notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

95.     Upon information and belief, Trans Union notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

96.     Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

97.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

98.     Upon information and belief, Trans Union notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

99.    Upon information and belief, Trans Union notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

100.    Upon information and belief, Trans Union notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

101.    Due to the continued inaccurate reporting, on or about May 14, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax and Experian. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised again that she was a victim of identity theft, and that personal identifying information was continuing to appear in her credit file which did not belong to her. Further, Plaintiff explained the aforementioned accounts were reported with fraudulent balances and/or did not belong to her. To confirm her identity, Plaintiff included an image of her driver's license in the letter. Further, Plaintiff provided images of the erroneous reporting and other supporting documents.

102.    Plaintiff attempted to submit online her second detailed dispute letter to Trans Union but received error message which stated, "we're unable to complete

your request online". Accordingly, on or about May 16, 2024, Plaintiff contacted Trans Union via telephone to dispute the continued inaccurate reporting.

103.   On or about May 14, 2024, Plaintiff received dispute results from Equifax which stated Citibank, partial account number ending in x2806, was verified as accurate.

104.   On or about June 4, 2024, Plaintiff received additional dispute results from Equifax which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Barclays | x5972 | Verified as accurate, continue to report fraudulent balance $3,070 |
| BOA | x8281 | Verified as accurate, continue to report fraudulent balance $6,795 |
| BOA | x0220 | Verified as accurate, continue to report fraudulent balance $5,616 |
| Capital One | x2101 | Verified and updated to increased fraudulent balance of $7,272 |
| Capital One | x6812 | Verified and updated to increased fraudulent balance of $3,674 |
| Chase | x5139 | Deleted |
| Chase | x7347 | Verified as accurate, continue to report fraudulent balance $2,083 |
| Citibank | x0303 | Deleted |
| GS Bank | x0083 | Verified as accurate |
| TD Bank | x2435 | Verified as accurate, continue to report fraudulent balance $9,178 |

105.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

106.   Equifax never attempted to contact Plaintiff during the alleged investigation.

107.   Upon information and belief, Equifax notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

108.   Upon information and belief, Equifax notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

109.   Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

110.   Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

111.   Upon information and belief, Equifax notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

112.   Upon information and belief, Equifax notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

113.   Upon information and belief, Equifax notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

114.   On or about June 19, 2024, Experian responded to Plaintiff's detailed dispute letter by providing a copy of her Experian credit report. Upon review, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Status/Comments** |
|---|---|---|
| Barclays | x5972 | Continue to report with status of charge off, fraudulent balance of $3,070; "This item remained unchanged from our processing of your dispute in June 2024" |
| BOA | x8281 | Continue to report with status of Charge Off, Balance $6,795; "This item remained unchanged from our processing of your dispute in June 2024" |
| BOA | x0220 | Continue to report with status of Charge Off, Balance $5,616; "This item remained unchanged from our processing of your dispute in June 2024" |
| Capital One | x6812 | Continue to report with status of past due and fraudulent balance of $3,603; "This item was updated from our processing of your dispute in June 2024" |
| Chase | x7347 | Continue, report with status of Charge Off, past due, Balance $2,083; "This item was updated from our processing of your dispute in June 2024" |
| Citibank | x2806 | Continue to report increased past due balance $4,725; "This item remained unchanged from our processing of your dispute in May 2024" |
| Citibank | x0303 | Not reported |
| GS Bank | x0083 | Continue to report with increased balance $2,411; "This item was updated from our processing of your dispute in June 2024" |

| Furnisher | Account | Status/Comments |
|---|---|---|
| TD Bank | x2435 | Continue to report with status of closed, past due, and increased fraudulent balance $9,413; "This item remained unchanged from our processing of your dispute in June 2024" |

115.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

116.   Experian never attempted to contact Plaintiff during the alleged investigation.

117.   Upon information and belief, Experian notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

118.   Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

119.   Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

120.   Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

121.   Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

122.   Upon information and belief, Experian notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

123.   Upon information and belief, Experian notified TD Bank of Plaintiff's dispute. However, TD Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

124.   Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union.

125.   Plaintiff provided enough information to Trans Union to identify her file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

126.   Trans Union failed to do any independent investigation into Plaintiff's dispute, and never attempted to contact Plaintiff.

127.   Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the fraudulent accounts and account balances in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

128.   The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

129.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

130.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

131.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

132.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

133.   Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

134.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

135.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

136.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

137.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

140.  Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

141.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

142.  Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

143.  Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

144.  Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

145.  Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

146.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

148.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

150.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

151.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

152.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

153.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

155.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

156.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

157.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

158.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

159.   Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

160.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

161.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

162.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Negligent)**

163.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

164.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

165.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

166.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

167.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

168.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

169.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

170.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

171.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

172.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

173.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

174.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

175.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

176.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

177.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

178.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

179.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

180.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

181.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

182.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

183.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

184.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

185.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

186.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

187.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

188.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

189.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

190.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

191.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

192.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

193.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

194.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

195.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

196.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

197.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

198.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

199.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

200.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

201.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

202.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

203.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

204.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

205.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

206.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

207.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

208.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

209.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

210.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

211.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

212.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

213.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

214.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

215.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

216.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

217.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

218.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

219.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

220. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

221. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

222. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

223. Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

224.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

225.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

226.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

227.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

228.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

229.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

230.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

231.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

232.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

233.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

234.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts and/or account balances to Plaintiff's credit file.

49

235.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

236.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

237.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

238.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

239.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

240.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

241.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

242.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

243.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

244.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information

and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

245.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

246.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

247.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVI
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

248.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

249.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

250.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

251.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

252.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

253.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

254.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Negligent)

255.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

256.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

257.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

258.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

259.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

260.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

261.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

262.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

263.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

264.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

265.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

266.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

267.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

268.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Negligent)

269.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

270.   BOA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

271.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing

to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

272.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account balances were fraudulent and erroneous.

273.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

274.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

275.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

276.   The conduct, action, and inaction of BOA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

277.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, BANK OF AMERICA, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Willful)

278.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

279.   BOA furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

280.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

281.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account balances were fraudulent and erroneous.

282.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

283.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

284.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

285.   The conduct, action, and inaction of BOA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

286.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Barclays Bank Delaware (Negligent)

287.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

288.   Barclays furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

289.   After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

290.   Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account balance was erroneous and fraudulent.

291.   Barclays did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Barclays by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

292.   Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

293.   As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

294.   The conduct, action, and inaction of Barclays was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

295.   Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, BARCLAYS BANK DELAWARE; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XXII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Barclays Bank Delaware (Willful)**

296.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

297.   Barclays furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

298.   After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

299.   Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account balance was erroneous and fraudulent.

300.   Barclays did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Barclays by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures

which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

301.   Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

302.   As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

303.   The conduct, action, and inaction of Barclays was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

304.   Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BARCLAYS BANK DELAWARE; award Plaintiff her attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and such other such relief the Court may deem

just and proper.

## <u>COUNT XXIII</u>
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Capital One, N.A. (Negligent)

305.   Plaintiff re-alleges and incorporates paragraphs one (1) through one

hundred thirty (130) above as if fully stated herein.

306.   Capital One furnished inaccurate account information to the CRAs and

through the CRAs to all of Plaintiff's potential lenders.

307.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. §

1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous accounts; (ii) failing to review all relevant information regarding same;

(iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the

representations to the consumer reporting agency.

308.   Plaintiff provided all the relevant information and documents necessary

for Capital One to have identified that the account balances were erroneous and

fraudulent.

309.   Capital One did not have any reasonable basis to believe that Plaintiff

was responsible for the account balances reported in its representations. It also had

sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

310.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

311.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

312.   The conduct, action, and inaction of Capital One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

313.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Capital One, N.A. (Willful)

314.  Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

315.  Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

316.  After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

317.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account balances were erroneous and fraudulent.

318.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

319.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

320.   As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

321.   The conduct, action, and inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

322.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

323.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

324.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

325.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same;

(iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

326.   Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the accounts were fraudulent and erroneous.

327.   Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

328.   Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

329.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

330.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

331.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Willful)

332.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

333.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

334.   After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

335.  Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the accounts were fraudulent and erroneous.

336.  Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

337.  Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

338.  As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

339.  The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

340.  Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Goldman Sachs Bank USA (Negligent)

341.  Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

342.  GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

343.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

344.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was erroneous.

345.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GS Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

346.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

347.   As a direct result of this conduct, action, and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

348.   The conduct, action, and inaction of GS Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

349.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, GOLDMAN SACHS BANK USA; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXVIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Goldman Sachs Bank USA (Willful)**

350.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

351.   GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

352.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

353.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was erroneous.

354.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GS Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

355.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

356.   As a direct result of this conduct, action, and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

357.   The conduct, action, and inaction of GS Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

358.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, GOLDMAN SACHS BANK USA; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Negligent)

359.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

360.   Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

361.   After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

362.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account balances were erroneous and fraudulent.

363.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged

to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

364.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

365.   As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

366.   The conduct, action, and inaction of Chase was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

367.   Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Willful)

368.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

369.   Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

370.   After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

371.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account balances were erroneous and fraudulent.

372.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with her

disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

373.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

374.   As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

375.   The conduct, action, and inaction of Chase was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

376.   Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, TD Bank, N.A. (Negligent)

377.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

378.   TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

379.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

380.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account balance was erroneous and fraudulent.

381.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

382.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

383.   As a direct result of this conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

384.   The conduct, action, and inaction of TD Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

385.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual damages against Defendant, TD BANK, N.A.; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XXXII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, TD Bank, N.A. (Willful)

386.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred thirty (130) above as if fully stated herein.

387.   TD Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

388.   After receiving Plaintiff's disputes, TD Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

389.   Plaintiff provided all the relevant information and documents necessary for TD Bank to have identified that the account balance was erroneous and fraudulent.

390.   TD Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TD Bank by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

391.   TD Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

392.   As a direct result of this conduct, action, and/or inaction of TD Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

393.   The conduct, action, and inaction of TD Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

394.   Plaintiff is entitled to recover costs and attorney's fees from TD Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TD BANK, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHERI LYNNE COOPER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE, N.A.;

CITIBANK, N.A.; GOLDMAN SACHS BANK USA; JPMORGAN CHASE

BANK, N.A.; and TD BANK USA, N.A., jointly and severally; attorneys' fees and

costs; prejudgment and post-judgment interest at the judgment rate; and such other

relief the Court deems just and proper.

DATED this 1st day of July 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*